IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHRISTINA SANTIAGO, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 09-6184 |
| | : | |
| QUALITY INN (PA 370), et al., | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                              **October 15, 2010**

Christina Santiago brought this case against Quality Inn (PA 370), her former employer, its alleged parent corporation, its owners, and its managers for various claims of employment discrimination, retaliation, and defamation. Defendant Choice Hotel International filed a motion to dismiss[1] the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, I will deny the motion in its entirety.

**I. BACKGROUND**[2]

Christina Santiago is a Puerto Rican woman who was hired as a housekeeper in May 2008 at the Quality Inn in Lancaster. She joined a staff of housekeepers who were all Hispanic. The maintenance staff at the hotel were all Caucasian. Miss Santiago

---

[1] With the exception of Defendant Quality Inn (PA 370) for which no one has entered an appearance, the remaining defendants have filed answers to this complaint.

[2] The facts are gleaned from the complaint and the extrinsic documents upon which it is based. See GSC Partners, CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004). For the purposes of this motion, they are presented in the light most favorable to the plaintiff, as the non-moving party, and are accepted as true with all reasonable inferences drawn in her favor.

claims that her Hispanic co-workers were treated differently than the non-Hispanic co-workers at the hotel. For example, Defendant Lynda Gibbons, the General Manager of the hotel, began a policy of "fining" the housekeepers if any customer made a complaint about the cleanliness of the room. In April 2009, Miss Santiago was fined and paid $12.50. A month later, Defendant Gibbons threatened the housekeepers that they would be suspended for a week if the fine was not paid/deducted from their next paycheck. On that same day, Miss Santiago was fined $25.00 for failing to clean a room which had a "malfunctioning moldy and disgusting refrigerator." Miss Santiago pointed out that refrigerators are the responsibility of the all-white-maintenance crew who were not fined. She complained about this disparate treatment and refused to pay the $25.00 fine.

Ten days later, Miss Santiago went to the Equal Employment Opportunity Commission to file a Charge of Discrimination. Her doing so allegedly prompted incidents of retaliation against her including suspension, written warnings, threats of termination, reduction of hours, and belittlement in front of co-workers and guests. Allegedly, Defendant Gibbons published disparaging remarks about Miss Santiago to her co-workers. For example, Miss Gibbons allegedly told them that Miss Santiago was troublesome, had a bad attitude, and violated work rules. This resulted in the co-workers distancing themselves and refusing to speak with Miss Santiago. Miss Gibbons allegedly told Miss Santiago that she was looking for a reason to fire her.

On June 7, 2009, Miss Santiago suffered a work injury when she moved furniture

2

while performing her regular housekeeping duties. She promptly reported the injury to management, and received care and treatment for the injury at the Lancaster General Hospital. See Compl. Exh. C. On July 24, 2009, Miss Gibbons allegedly accused Miss Santiago of violating a work rule, and sent her home for wearing black pants. At the end of the shift on the following day, Miss Gibbons allegedly accused Miss Santiago of violating another work rule, i.e., calling the front desk for towels, and immediately terminated her employment.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice

3

of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

## III. DISCUSSION

Defendant Choice Hotel International argues that it should be dismissed as a defendant in this action because: (1) Miss Santiago was never employed by Choice Hotel, and thus it cannot be liable for any of Miss Santiago's alleged employment-related claims; and (2) even if she were an employee, she failed to bring the claim before the Pennsylvania Human Relations Commission.

As support for its first argument that Miss Santiago was not an employee, the defendant attempts to refer to a franchise agreement it entered into with Defendants SAI Management LLC and Pankha Sheth on March 30, 2006. This agreement is attached to the defendant's motion to dismiss as Exhibit B.

In considering a defendant's motion to dismiss, the district court's focus is on the

4

complaint, including any attached exhibits and matters of public record, and will ordinarily not consider attachments to a defendant's motion. GSC Partners, CDO Fund v. Washington, 368 F.3d at 236. To consider matters outside the pleadings, the district court must treat the motion as a motion for summary judgment under Rule 56, rather than one under Rule 12(b)(6). Though a court may on its own initiative convert a motion to dismiss into one for summary judgment, it must first give notice to the parties of its intention to do so. See Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989). But if an attachment to a motion to dismiss is an "indisputably authentic document" upon which the plaintiff's claims are based, the district court may properly consider it when ruling on the motion. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Examples of such documents include criminal case dispositions, letter decisions of government agencies, and published reports of administrative bodies. Id. at 1197. Typically, courts limit their consideration of these public records to determine whether the procedural prerequisites of a plaintiff's claim have been met. Here, the attached franchise agreement is not such a document, and I will not consider the document at this stage of the proceedings. Instead, I will allow the parties to explore during discovery the relationship between the defendants, focusing on whether Choice Hotel maintained sufficient control over the other defendants to be treated as a single employer pursuant to Nesbit v. Pears Unlimited, Inc., 347 F.3d 72, 87 (3d Cir. 2003) (to determine whether the operations of two entities should be consolidated, a district court

5

considers the following four factors: (1) the degree of unity between the entities with respect to ownership, management, and business functions, e.g., hiring and personnel matters; (2) whether they present themselves as a single company such that third parties dealt with them as one unit; (3) whether a parent company covers the salaries, expenses, or losses of its subsidiary; and (4) whether one entity does business exclusively with the other). Defendant Choice Hotel may raise this same argument again after discovery in a dispositive motion. The plaintiff would then be better prepared to address it.

Defendant Choice Hotel next argues that it should be dismissed as a defendant because the plaintiff failed to exhaust her administrative remedies. It contends that failure to bring a claim before the Pennsylvania Human Relations Commission is fatal to Miss Santiago's action here.

Prior to bringing a claim for judicial relief under Title VII or the PHRA, a plaintiff must exhaust all administrative remedies. Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997). She must first file a complaint of discrimination with the relevant state or federal agency before filing a suit under Title VII or the PHRA. Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984). To bring suit under the PHRA, a plaintiff must first have filed an administrative complaint with the PHRC within 180 days of the alleged act of discrimination. See 43 Pa.C.S. §§ 959(a), 962. If a plaintiff fails to file a timely complaint with the PHRC, then she is precluded from judicial remedies under the PHRA. The Pennsylvania courts have strictly interpreted this requirement, and have repeatedly

held that "persons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized in Section 12(c) of the Act." Vincent v. Fuller Co., 616 A.2d 969, 974 (Pa. 1992).

The PHRC and the EEOC, however, have entered into a worksharing agreement through which they have apportioned initial jurisdiction over discrimination complaints in order to avoid unnecessary duplication of investigatory time and effort. Woodson v. Scott Paper Co., 109 F.3d 913, 924-927 (3d Cir. 1996). Under this agreement, each agency waives its right to initially review claims that are first filed with the other agency, so that a claim that is filed first with the EEOC can be processed by the EEOC, without being investigated as an initial matter by the PHRC. Id. Through this worksharing agreement, therefore, Pennsylvania has waived its statutory right to initially process discrimination claims, and hence this agreement operates to "terminate" the PHRC proceedings with respect to those complaints that are filed first with the EEOC. Trevino-Barton v. Pittsburgh Nat'l Bank, 919 F.2d 874, 879 (3d Cir. 1990). Accordingly, the worksharing agreement allows a plaintiff to proceed in court under Title VII without first filing with the PHRC.

Miss Santiago filed her first Charge of Discrimination with the Equal Employment Opportunity Commission on May 29, 2009. She amended that Charge on July 28, 2009, after she was terminated. Also on May 29, 2009, Miss Santiago signed a form entitled,

"Information for Complainants & Election Option to Dual File with the Pennsylvania Human Relations Commission," on which she indicated that she wanted her Charge to also be filed with the PHRC. The form provides, "I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC." Both the original and the amended Charges clearly show that they were being filed dually, i.e., with the EEOC and with the PHRC. Defendant Choice Hotel International was named as an employer on both. In fact, the record contains a copy of the notices send by the EEOC to Defendant Choice Hotel International. Accordingly, this claim is meritless. I will deny the motion to dismiss in its entirety.

An appropriate Order follows.